Karthik Nadesan (10217) Email: karthik@nadesanbeck.com
Michael Beck (10381) Email: mike@nadesanbeck.com
NADESAN BECK P.C.
8 East Broadway, Suite 625
Salt Lake City, Utah 84111
Telephone: (801) 363-1140

Matthew Rollin (Pro Hac Vice) Email: matthew.rollin@sriplaw.com
SRIPLAW, P.A.
8730 Wilshire Blvd., Suite 350
Beverly Hills, California 90211
Telephone: (323) 452-5600

*Attorneys for Plaintiff Shoichi Matsumoto*

Matthew A. Barlow (#9596)
*mbarlow@wnlaw.com*
Roger J. McConkie (#5513)
*rmcconkie@wnlaw.com*
WORKMAN NYDEGGER
60 East South Temple, Suite 1000
Salt Lake City, Utah 84111
Telephone: (801) 533-9800
Facsimile: (801) 328-1707

*Attorneys for DVO Enterprises Inc.*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| SHOICHI MATSUMOTO,<br><br>    Plaintiff,<br><br>v.<br><br>DVO ENTERPRISES,<br><br>    Defendant. | **ATTORNEY PLANNING MEETING REPORT**<br><br>Case No. 2:22-cv-00443<br><br>District Judge Dustin B. Pead |

**1.     PRELIMINARY MATTERS**:

    a.     This is a copyright infringement action. Plaintiff alleges that Defendant used two of Plaintiff's copyrighted Works without permission or authority. Plaintiff alleges that

1

Defendant copied Plaintiff's copyrighted Work from the internet in order to advertise, market and promote its business activities.

Defendant denies any infringement. In its answer filed on November 9, 2022, Defendant has raised sixteen affirmative defenses.

b. This case is   [**X**] not referred to a magistrate judge

    \_\_\_\_\_ referred to magistrate judge _____

    \_\_\_\_\_under 636(b)(1)(A)

    \_\_\_\_\_under 636(b)(1)(B)

    \_\_\_\_\_ assigned to a magistrate judge under General Order 07-001 and

    \_\_\_\_ all parties consent to the assignment for all proceedings or

    [**X**] one or more parties request reassignment to a district judge

c. Pursuant to Fed. R. Civ. P. 26(f), a meeting was held on November 22, 2022, <u>via phone call</u>.

The following attended:

Karthik Nadesan and Matthew Rollin counsel for Shoicho Matsumoto, and Roger McConkie, counsel for DVO Enterprises.

d. The parties \_\_\_\_\_ have exchanged or [**X**] will exchange by 12/09/2022 the initial disclosures required by Rule 26(a)(1).

e. Pursuant to Fed. R. Civ. P. 5(b)(2)(D), the parties agree to receive all items required to be served under Fed. R. Civ. P. 5(a) by either (i) notice of electronic filing, or (ii) email transmission. Such electronic service will constitute service and notice of entry as required by those rules. Any right to service by USPS mail is waived.

2. **DISCOVERY PLAN**: The parties jointly propose to the court the following discovery plan: *Use separate paragraphs or subparagraphs as necessary **if the parties disagree.***

    a. Discovery is necessary on the following subjects:

Plaintiff: Plaintiff will be seeking discovery showing the full extent of the use by the Defendant. Plaintiff is also seeking discovery showing how or where the Defendant had obtained the image.

Defendant: Anticipated subjects of discovery include all areas related to the allegations in Plaintiff's Complaint and Defendant's Answer. Expert testimony is expected to include liability and damages.

    b.    Discovery Phases

Plaintiff: Discovery will likely be completed in phases. First written discovery, followed by oral depositions if so required.

Defendant: Defendant agrees.

    c.    Designate the discovery methods to be used and the limitations to be imposed.

        (1) *For oral exam depositions, (i) specify the maximum number for the plaintiff(s) and the defendant(s), and (ii) indicate the maximum number of hours unless extended by agreement of the parties.*

Oral Exam Depositions

Plaintiff(s) 2

Defendant(s) 4

Maximum number of hours per deposition 7 hours on the record, unless extended by agreement of the parties or order of the Court.

        (2) *For interrogatories, requests for admissions, and requests for production of documents, specify the maximum number that will be served on any party by any other party.*

Interrogatories: Federal Rules – 25 Interrogatories

Admissions: 25 Requests for Admission

Requests for production of documents: 25 Requests for Production

        (3) Other discovery methods: *Specify any other methods that will be used and any limitations to which all parties agree.*

    d.    Discovery of electronically stored information should be handled as follows:

The Parties agree to the following electronic discovery procedures:

      i. Documents shall be produced as they are kept in the usual course of business or the documents shall be organized and labeled to correspond to the categories in these requests. Documents attached to each other in their original form should not be separated. Document requests should be understood to encompass, and the responses should include, electronically-stored information ("ESI").

      ii. Documents, including emails, will be turned over in their native format, containing any and all metadata. The files will be accompanied by a bates number. All images must be assigned a Bates number that must always be unique across the entire document production.

          1. Documents shall be bates numbered based on or similar to the following examples:

              a. "Matsumoto_0001-0002" "DVO_0001-0002"

      iii. If a document cannot be turned over in native format, and/or there is no accompanying metadata associated with the document, the document will be sent in PDF format and bates numbered as outlined above.

   e. The parties have agreed to an order regarding claims of privilege or protection as trial preparation material asserted after production, as follows:

The Parties do not anticipate needing a protective order in this matter. The Parties believe that the default protective order from the Court is sufficient if necessary.

   f. Last day to file written discovery   06/30/2023

   g. Close of fact discovery   08/04/2023

3. **AMENDMENT OF PLEADINGS AND ADDITION OF PARTIES**:

   a. The cutoff dates for filing a motion to amend pleadings are: *specify date*

      Plaintiff(s) 01/15/2023   Defendant(s) 01/15/2023

   b. The cutoff dates for filing a motion to join additional parties are: *specify date*

      Plaintiff(s) 01/15/2023   Defendants(s) 01/15/2023

      *(NOTE: Establishing cutoff dates for filing motions does not relieve counsel from the requirements of Fed. R. Civ. P. 15(a))*.

4. **EXPERT REPORTS**:

   a. The parties will disclose the subject matter and identity of their experts on

      (*specify dates*):

      Party(ies) bearing burden of proof: 04/07/2023

      Counter Disclosures: 05/05/2023

   b. Reports from experts under Rule 26(a)(2) will be submitted on (*specify dates*):

      Party(ies) bearing burden of proof 06/02/2023

      Counter Reports: 07/07/2023

5. **OTHER DEADLINES**:

   a. Expert Discovery cutoff:   07/28/2023

      b.      Deadline for filing dispositive[1] or potentially dispositive motions including motions to exclude experts where expert testimony is required to prove the case. 09/01/2023

      c.      Deadline for filing partial or complete motions to exclude expert testimony 09/01/2023

**6.    ADR/SETTLEMENT**:

*Use separate paragraphs/subparagraphs as necessary if the parties disagree.*

      a.      The potential for resolution before trial is:  _[**X**]_ good  ___ fair  ____ poor

      b.      The parties intend to file a motion to participate in the Court's alternative dispute resolution program for:  settlement conference (with magistrate judge): __[**X**]__ arbitration: _____  mediation: _____

      c.      The parties intend to engage in private alternative dispute resolution for: arbitration: _____  mediation: _____

      d.      The parties will re-evaluate the case for settlement/ADR resolution on (*specify date*): 08/04/2023

**7.    TRIAL AND PREPARATION FOR TRIAL:**

      a.      The parties should have 14 days after service of final lists of witnesses and exhibits to list objections under Rule 26(a)(3) (if different than the 14 days provided by Rule).

      b.      This case should be ready for trial by: 10/30/2023

              *Specify type of trial*:  Jury _[**X**]_  Bench_____

      c.      The estimated length of the trial is:  *3-5 days.*

*/s/ Matthew Rollin*_____      Date: 11/22/2022
Signature and typed name of Plaintiff(s) Attorney

/s/_*Roger J. McConkie*_____      Date: 11/22/2022
Signature and typed name of Defendant(s) Attorney

---

[1] Dispositive motions, if granted, resolve a claim or defense in the case; nondispositive motions, if granted, affect the case but do not resolve a claim or defense.